JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
www.kahnandassociates.com

Attorneys for Plaintiffs, William and Barbara Neville

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WESTERN RECREATIONAL VEHICLES INC. AND DOES 1 THROUGH 20 INCLUSIVE<br><br>　　　　　Defendants. | CASE NO. 07-cv-03757-BZ<br><br>**MOTION TO REMAND COMPLAINT BACK TO STATE COURT**<br><br><br>MAGISTRATE ZIMMERMAN |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs William Neville and Barbara Neville have set the above Motion to Remand Complaint back to State Court for hearing on October 31, 2007 at 10:00 a.m. in Courtroom G of the United States District Court, Northern District of California.

Now come Plaintiffs William Neville and Barbara Neville ("Plaintiffs"), by and through the undersigned counsel, and hereby Move this Honorable Court to remand their Complaint, which was removed by Defendant Western Recreational Vehicles, Inc. ("Defendant") from State court to this Court, back to State court. Plaintiffs' reasons for moving to remand their

1

Complaint, which was removed by Defendant from State court to this Court, back to State court are explained in the Brief in Support incorporated herein and attached hereto.

Respectfully submitted,

/s/ Jannine M. Green
JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
Attorneys for Plaintiff William Neville and Barbara Neville

**BRIEF IN SUPPORT**

## I. BACKGROUND

On or about June 5, 2005 Plaintiffs purchased a brand new 2006 Western Alpine Light Tas 28RL recreational vehicle that was manufactured by Defendant and that bore the vehicle identification number 1W52ATN236Y050519 ("vehicle"). *See paragraph 5 of Plaintiffs' Complaint incorporated herein and attached hereto as "Plaintiffs' Exhibit A."* The vehicle was a substantial purchase for Plaintiffs costing approximately $34,438.00. *See paragraph 7 of "Plaintiffs' Exhibit A."* In order to entice Plaintiffs into making such a substantial purchase Defendant issued an express warranty on the vehicle. *See paragraph 9 of "Plaintiffs' Exhibit A."* Unfortunately the express warranty on the vehicle was breached and failed its essential purpose when Defendant failed to repair defects in the vehicle within a reasonable amount of time or within a reasonable number of attempts. Plaintiff sought relief from Defendant for the breach and failure of the express warranty to no avail. Having received no relief directly from Defendant, Plaintiffs were forced to file a Complaint.

Plaintiffs' Complaint was filed in State court and claimed, among other things, that Defendant breached the California Song-Beverly Consumer Warranty Act, the Magnuson-Moss Federal Trade Commission Act, and the California Uniform Commercial Code. *See generally "Plaintiffs' Exhibit A."* Instead of answering Plaintiffs' Complaint, Defendant removed Plaintiffs' Complaint to this Court arguing that this Court had subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act claim. This Court, however, does not have subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act Claim due to a lack of the amount in controversy that is required by the Act for this Court's subject matter jurisdiction.[1] Plaintiffs, therefore, move to remand their Complaint.

---

[1] Defendant argues that the Court has subject matter jurisdiction based purely upon the fact that the Magnuson-Moss Federal Trade Commission Act is a federal statute and therefore arises under the constitution of laws of the United States. The fact that the Magnuson-Moss Federal Trade Commission Act is a federal statute is completely irrelevant. It is well established that "the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F. 3d. 648 (4th Cir. 2000). As will be shown below, Congress has specifically prescribed when federal courts may exercise jurisdiction over a Magnuson-Moss Federal Trade Commission Act claim.

3

## II. STANDARD OF REVIEW

Remand should be granted "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . ." 28 U.S.C.S. § 1447 (c) (2007). When a court is asked to remand, all "doubt is resolved in favor of remand." *Sehl v. Safari Motor Coaches, Inc.*, 2001 U.S. Dist. LEXIS 12638 (N.D. Cal. 2001). Moreover, "[f]ederal courts must scrupulously confine the exercise of jurisdiction to those cases which fall within the purview of the removal statute." *Lerigo v. Novato Cable Co.*, 1995 U.S. Dist. LEXIS 5119 (N.D. Cal. 1995). Given the standard of review for a motion to remand and this Court's lack of subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act claim this Court should remand Plaintiffs' Complaint back to State court.

## III. LAW AND ARGUMENT

### A. <u>This Court lacks subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act claim</u>

The Magnuson-Moss Federal Trade Commission Act provides that a consumer who is damaged by a violation of the Act may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States but that the district court shall not have subject matter jurisdiction "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit . . ." 15 U.S.C.S. § 2310 (3)(B) (2007). It is for precisely this reason that the court in *Moore v. C & J Manufactured Homes, Inc.*, 1999 U.S. Dist. LEXIS 21671 (S.D. Ala. 1999) stated "[b]efore a federal court has jurisdiction over a Magnuson-Moss Warranty - - Federal Trade Commission Improvement Act breach of warranty claim, the amount in controversy must exceed $50,000.00." The amount in controversy in Plaintiffs' Magnuson-Moss Federal Trade Commission Act claim is approximately $34,438.00. *See "Plaintiffs' Exhibit A."* Any addition of Plaintiffs' State law claims to this amount to satisfy the amount in controversy "would be

wholly inconsistent with the concept of supplemental jurisdiction." *Critney v. National City Ford, Inc.*, 255 F. Supp. 2d. 1146 (S.D. Cal. 2003). $34,438.00, therefore, represents the highest possible amount in controversy for purposes of this Court's subject matter jurisdiction. $34,438.00 is obviously a far cry from $50,000.00 so this Court does not have subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act Claim. Even if there were doubt as to whether or not $34,438.00 was the real amount in controversy that doubt should be resolved in favor of remand. The Court, therefore, should remand Plaintiffs' Complaint to State court.

## IV. CONCLUSION

Due to this Court's lack of subject matter jurisdiction over Plaintiffs' Magnuson-Moss Federal Trade Commission Act claim this Court should remand Plaintiffs' Complaint back to State court and award Plaintiffs' their costs and attorney's fees in moving to remand.

Respectfully submitted,

/s/ Jannine M. Green
JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
Attorneys for Plaintiff William Neville
and Barbara Neville

# EXHIBIT "A"

JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.

OHIO MAIN OFFICE:**
55 Public Square, Suite 650
Cleveland, OH 44113
Phone: (216) 621-6101
Fax: (888) 868-6671

CALIFORNIA OFFICE:**
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
www.kahnandassociates.com

ENDORSED
FILED
ALAMEDA COUNTY

MAY 25 2007

CLERK OF THE SUPERIOR COURT
By _____C. PITTS_____
                                Deputy

**Please send copies of all items to both addresses.

Attorney for Plaintiffs William Neville & Barbara Neville

IN THE SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

WILLIAM NEVILLE and

BARBARA NEVILLE,

    Plaintiffs,

v.

WESTERN RECREATIONAL

VEHICLES, INC.,

    and DOES 1 through 20, inclusive,

    Defendants.

) CASE NO. HG07327807
)
) COMPLAINT FOR BREACHES OF
) THE SONG-BEVERLY CONSUMER
) WARRANTY ACT, MAGNUSON-MOSS
) WARRANTY ACT, AND CALIFORNIA
) UNIFORM COMMERCIAL CODE.
)
)
)
)

    Now come Plaintiffs, William Neville and Barbara Neville, by and through undersigned counsel and state as follows:

COMPLAINT                                                               Page 1

## A. GENERAL AVERMENTS

1. Plaintiffs, William Neville and Barbara Neville (hereinafter collectively referred to as "Plaintiff"), are adult individual citizens and legal residents of the State of California, residing at 12105 Waxwing Ct., Penn Valley, CA 95946.

2. Defendant, Western Recreational Vehicles, Inc., is a business corporation qualified to do and regularly conducting business in the State of California, with its principal place of business located in Washington and can be served at its principal place of business located at 3921 Southerland Drive, Union Gap, Washington 98903.

3. The true names or capacities, whether individual or otherwise, of defendants Does 1 through 20 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes that all defendants sued herein as Does are in some manner responsible for the acts and occurrences alleged herein and caused damage to plaintiff as pleaded herein.

4. Plaintiff is informed and believes that each and all of the acts and omissions alleged herein was performed by and attributable to all defendants and Does 1 through 20, and each of them, each acting as the agent, employee, partner, joint venturer and associates and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and, in doing the things herein mentioned, the agents and employees of defendants were acting under color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other defendants and each act committed under the direction or control of each of the other defendants was either expressly or implied ratified by each of the other Defendants.

5. On or about June 5, 2005, Plaintiff purchased a 2006 RV Western Alpine Light Tas 28RL, manufactured and warranted by Defendant, bearing the Vehicle Identification Number 1W52ATN236Y050519 (hereinafter the "vehicle").

6. The vehicle was purchased in the State of California and is registered in California.

7. The price of the vehicle and/or the total of payments is approximately $34,438.00.

8. Plaintiff states that as a result of the ineffective repair attempts made by Defendant(s), through its authorized dealer(s), the vehicle cannot be utilized for the purposes intended by Plaintiff at the time of acquisition and hence, the vehicle is worthless and/or substantially impaired.

9. In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff one or more written warranties on particular items.

10. Plaintiff notified the Defendant and/or its Authorized Dealer(s) on one or more occasions, and/or formally notified the Defendant by letter of Defendant's failure to timely repair the vehicle and requested the return of all funds paid toward the vehicle.

## B. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### BREACH OF SONG-BEVERLY CONSUMER WARRANTY ACT

11. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

12. Civil Code §1793.2, is embodied in the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq.

13. Plaintiff is a "Buyer" as defined by Civ. Code § 1791(b).

14. Defendant is a "Manufacturer" as defined by Civ. Code § 1791(j).

15. The vehicle is a "New Motor Vehicle" as defined by Civ. Code § 1793.22(e)(2) and/or is a "consumer good" as defined by Civ. Code §1791(a).

16. Defendant provided an "Express Warranty" and/or a "Service Contract" as defined by Civ. Code § 1791(o) and 1791.2.

17. Plaintiff purchased the vehicle from, and/or had it serviced at Defendant's authorized "service and repair facility[(ies)]," as that term is defined in Civ. Code §§ 1791 *et. seq.*

18. Plaintiff reported one or more defects, conditions and/or "nonconformities," as defined Civ. Code §§ 1791 *et. seq.* to the manufacturer, through its service facilities,

19. Defendant, through its authorized service and repair facility[(ies)], has been unable, unwilling and/or has refused to conform the motor vehicle to the express warranty by repairing one or more nonconformities within a reasonable number of attempts pursuant to Civ. Code §1791(d)(1) and/or Civ. Code § 1793.2(d)(2).

20. Defendant's actions have been willful.

WHEREFORE, Plaintiff respectfully requests the following relief:

    a. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages;

    b. Two times the amount of actual damages pursuant to Civ. Code §1794;

    b. Costs, including expert witness fees and reasonable attorney's fees; and

    c. For such other relief as this court deems just and proper.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

21. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

22. The Magnuson-Moss Warranty – Federal Trade Commission Improvement Act is codified at 15 U.S.C. §§ 2300 *et. seq.* and is commonly known as, and will hereinafter be referred to as, the "Magnuson-Moss Warranty Act."

23. Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

24. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §2301(4)-(5).

25. The vehicle is a "Consumer Product" as defined by 15 U.S.C. §2301(1).

26. One or more of the warranties given to Plaintiff by Defendant was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or a "Service Contract" as defined by 15 U.S.C. § 2301(8).

27. Defendant, through its authorized dealer(s), has been unable, unwilling and/or has refused to conform the motor vehicle to the written warranty and/or service contract by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

28. Defendant has been afforded a reasonable opportunity to cure the vehicle's nonconformities pursuant to 15 U.S.C. §2310 (e).

29. 15 U.S.C. §2310 (d) (1) provides:

"...Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief...."

30. As direct and proximate result of Defendant's failure to comply with Defendant's express written and implied warranties and/or service contract, Plaintiff has and continues to suffer to suffer damages.

31. If Defendant maintains a qualified Informal Dispute Resolution Mechanism, Plaintiff has resorted to it at least forty (40) days prior to filing this Complaint and/or has

pursued that process to its completion, as required by 15 U.S.C. § 2310(a) and rules promulgated thereunder.

32. Defendant's actions have been willful.

33. Pursuant to 15 U.S.C. §2310 (d)(2), plaintiff seeks all Costs, including attorney's fees and expert witness fees.

WHEREFORE, Plaintiff respectfully requests the following relief:

    a.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

    b.    Two times the amount of actual damages pursuant to Civ. Code §1794.

    c.    Costs, including expert witness fees and reasonable attorney's fees; and

    d.    For such other relief as this court deems just and proper.

## THIRD CAUSE OF ACTION

## BREACH OF CALIFORNIA UNIFORM COMMERCIAL CODE

34. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

35. The Uniform Commercial Code is codified at Civ. Code §§ 1100 et. seq. and also governs the purchase and sale of the vehicle at issue in this case.

36. The defects and nonconformities exhibited by the vehicle constitute Defendant's breach of contractual and statutory obligations to Plaintiff, including, but not limited to, the following:

    a.    Express Warranty;

    b.    Implied Warranty of Merchantability; and

    c.    Implied Warranty of Fitness for a Particular Purpose.

37. At the time of acquisition of the vehicle by Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

38. At the time of acquisition of the vehicle by Plaintiff and at all times subsequent thereto, Defendant was aware that Plaintiff was relying on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

39. Plaintiff has incurred damages as a direct and proximate result of the Defendant's breach and failure to honor its express and implied warranties, obligations and representations with regard to the vehicle.

40. Plaintiff has incurred damage as a direct and proximate result of the failure of essential purpose of Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

41. Defendant's actions have been willful.

WHEREFORE, Plaintiff respectfully requests the following relief:
    a.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;
    b.    Two times the amount of actual damages pursuant to Civ. Code §1794;
    c.    Costs, including expert witness fees and reasonable attorney's fees; and
    d.    For such other relief as this court deems just and proper.

## C. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:
    a.    The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;
    b.    Two times the amount of actual damages pursuant to Civ. Code §1794;
    c.    Costs, including expert witness fees and reasonable attorney's fees; and

d.  For such other relief as this court deems just and proper.

KAHN & ASSOCIATES, L.L.C.

*Jannine M. Green*
Jannine M. Green (SBN 244072)
Attorney for Plaintiff

Dated: May 21, 2007

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION |

1
2
3
4  WILLIAM NEVILLE and BARBARA )   CASE NO. 07-cv-03757-BZ
5  NEVILLE, )
                                   )   **ORDER**
6                                  )
              Plaintiffs,          )
7  v.                              )
                                   )
8  WESTERN RECREATIONAL VEHICLES )   MAGISTRATE ZIMMERMAN
9  INC. AND DOES 1 THROUGH 20      )
   INCLUSIVE                       )
10                                 )
              Defendants.          )
11

12      Upon consideration of Plaintiffs William Neville and Barbra Neville's Motion to Remand
13
14  Complaint Back to State court and for good cause it is hereby Ordered that Plaintiffs' Complaint
15  be remanded back to State Court.

16                                              _____
17
18
19
20
21
22
23
24
25
26
27
28

1

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within-entitled action: my business address is: 16133 Ventura Boulevard, 7th Floor, Encino, California 91436.

On **September 18, 2007**, I served the foregoing document described as:

**NOTICE OF MOTION TO REMAND COMPLAINT BACK TO STATE COURT; MOTION TO REMAND COMPLAINT BACK TO STATE COURT; BRIEF IN SUPPORT; PROPOSED ORDER**

__X__   **BY FACSIMILE TO: 858-676-8601**

__X__   **BY MAIL**

____   I deposited such envelope in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

__X__   I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

____   **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

__X__   **STATE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 18, 2007** at Encino, California.

_____
ROY S. LOPEZ

6

NEVILLE V. WESTERN RECREATIONAL VEHICLES, INC.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION - CASE NO. 07-cv-03757-BZ

## SERVICE LIST

| | |
|---|---|
| Vincent J. Axelson, Esq.<br>GATES, O'DOHERTY, GONTER & GUY, LLP<br>11545 West Bernardo Court, Suite 305<br>San Diego, CA 92127<br>(858) 676-8600, Fax (858) 676-8601 | Attorneys for Defendant<br>WESTERN RECREATIONAL<br>VEHICLES, INC. |
| **COUNSEL/PARTY SERVING THIS DOCUMENT:**<br>Jannine M. Green, Esq.<br>Kahn & Associates, L.L.C.<br>16133 Ventura Blvd., Suite 700<br>Encino, CA 91436<br>(888) 536-6671, Fax (818) 995-9169 | Attorneys for Plaintiffs<br>WILLIAM and BARBARA<br>NEVILLE |

7