GATES, O'DOHERTY, GONTER & GUY, LLP
15373 Innovation Drive, Suite 170
San Diego, California 92128
Telephone: (858) 676-8600
Facsimile: (858) 676-8601

Attorney:   DOUGLAS D. GUY, ESQ. (SBN 117844)
            dguy@gogglaw.com

            VINCENT J. AXELSON, ESQ. (SBN 159549)
            vaxelson@gogglaw.com

Attorney for Defendant WESTERN RECREATIONAL VEHICLES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE | CASE NO. 07-CV-03757-BZ |
| Plaintiff(s), | **MEMORANDUM OF POINTS AND AUTHORITIES OF WESTERN RECREATIONAL VEHICLES, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| WESTERN RECREATIONAL VEHICLES INC. and DOES 1 through 20 inclusive, | Assigned to: Magistrate Zimmerman |
| Defendant(s). | Action Filed: May 25, 2007 |

///
///
///
///

1

MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

On May 25, 2007, Plaintiffs William Neville and Barbara Neville filed a complaint in state court against Western Recreational Vehicles, Inc. Plaintiffs' complaint alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, Magnuson-Moss Warranty Act, and the California Uniform Commercial Code. Plaintiffs' prayer for relief include the full purchase price of the vehicle, which they state in their motion to be approximately $34,438.00, civil penalties pursuant to civil code section 1794 and attorney's fees and costs.

Defendant, Western Recreational Vehicles, Inc. filed a notice of removal to remove the case to this court based on subject matter jurisdiction over Plaintiffs' Magnuson-Moss claim. Plaintiffs now claim this court does not have subject matter jurisdiction over Plaintiffs' Magnuson-Moss claim due to a lack of the amount in controversy.

## II. LEGAL ANALYSIS

### A. This Court Has Subject Matter Jurisdiction Over Plaintiffs' Magnuson-Moss Claim.

Plaintiffs claim this court lacks subject matter jurisdiction because the amount in controversy does not exceed $50,000.00. Plaintiffs claim the amount in controversy is only approximately $34,438.00, the purchase price of the vehicle that is the subject matter of this litigation. Plaintiffs base their argument on 15 U.S.C. Section 2310(3)(b) which states that the district court does not have subject matter jurisdiction over any matter if the amount in controversy is less than $50,000.00 exclusive of interest and costs. Plaintiffs' interpretation of "exclusive of interest and costs" is incorrect. Plaintiffs' prayer includes a request for civil penalties under the Song-Beverly Warranty Act. If Plaintiffs were successful on their claims against Defendant they could recover significant civil penalties.

According to Plaintiffs allegations civil penalties could be assessed against Defendant Western Recreational Vehicles, Inc. for approximately $70,000.00. Thus, the amount of plaintiffs claims exceed the jurisdictional minimum under Magnuson-Moss.

2

MEMORANDUM OF POINT AND AUTHORITIES

The amount of civil penalties "can be considered in the amount in controversy equation". *Romo v. FFG Insurance Company, 397 F.Supp.2d 1237, 1239(2005)*. In *Romo*, the court noted that "in drafting the Magnuson-Moss Act, Congress,… did not specify the appropriate measure and type of damages that are available. As such… the Ninth Circuit [has] turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy". *Id.* Here, as in that case, the relevant state law is the Song-Beverly Consumer Warranty Act. The *Romo* court found, that Song-Beverly "authorizes civil penalties of up to two times the amount of actual damages for violations" in that the civil penalties "are akin to punitive damages and ought to be treated the same for the purposes of this analysis". *Id. at 1240*.

It is well established that punitive damages should be considered in an amount in controversy inquiry. *Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240, 64s.ct.5, 88 l.ed.15 (1943); Gibson v. Chrysler Corp., 261 f.3d 927, 945 (9th Cir. 2001); Brady v. Mercedes Benz USA, Inc., 243 f.supp.2d 1004, 1009 (n.d.cal.2002)*. Accordingly, the amount in controversy is not $34,438.00 as argued by Plaintiffs. The amount in controversy must also include the $70,000.00 civil penalty that could be assessed against Defendant Western Recreational Vehicles, Inc. Thus, the amount in controversy well exceeds this court's $50,000.00 requirement.

### III. CONCLUSION

This court has subject matter jurisdiction over Plaintiffs' Magnuson-Moss claim and the amount in controversy is well in excess of $50,000.00. This court should not remand Plaintiffs' complaint back to state court. This court should award Defendants their costs and attorney's fees in opposing Plaintiffs' Motion to Remand.

Dated: October 15, 2007          GATES, O'DOHERTY, GONTER & GUY, LLP

By: _____
VINCENT J. AXELSON, ESQ.
Attorneys for Defendant WESTERN
RECREATIONAL VEHICLES, INC.

3

PROOF OF SERVICE – CCP §1013a(3)

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 15373 Innovation Drive, Suite 170, San Diego, California 92128.

On October 15, 2007, I served the foregoing document described as **MEMORANDUM OF POINT AND AUTHORITIES OF WESTERN RECREATIONAL VEHICLES, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** on the interested parties in this action as set forth on the attached service list in the following manner:

(X) **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure section 1013a. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( ) **BY FACSIMILE.** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure section 1013(e).

( ) **BY PERSONAL SERVICE.** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure section 1011. If required, said registered process server's original proof of personal service will be filed with the court immediately upon its receipt.

( ) **BY EXPRESS MAIL.** I caused a true copy of said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure section 1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 15, 2007, at San Diego, California.

JENNIFER LYNN SMITH

NEVILLE v. WESTERN RECREATIONAL VEHICLES, INC.
US District Court Case No.: 07-CV-03757-BZ

## SERVICE LIST

| | |
|---|---|
| Jannine M. Green, Esq.<br>KAHN & ASSOCIATES, LLC<br>16133 Ventura Blvd.<br>Suite 700<br>Encino, CA 91436<br>Telephone: (888) 536-6671<br>Facsimile: (888) 868-6671 | Attorneys for Plaintiffs<br>WILLIAM NEVILLE and<br>BARBARA NEVILLE |

**COUNSEL/PARTY SERVING THIS DOCUMENT:**

| | |
|---|---|
| Vincent J. Axelson, Esq.<br>GATES, O'DOHERTY, GONTER & GUY, LLP<br>11545 West Bernardo Court, Suite 305<br>San Diego, CA  92127<br>(858) 676-8600, Fax (858) 676-8601 | Attorneys for Defendant<br>WESTERN RECREATIONAL<br>VEHICLES, INC. |