UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM NEVILLE, et al., | ) | |
| Plaintiffs, | ) | No. C07-3757-BZ |
| v. | ) | **REPORT AND RECOMMENDATION DENYING PLAINTIFFS' MOTION TO REMAND** |
| WESTERN RECREATIONAL VEHICLES INC., et al., | ) | |
| Defendants. | ) | |

    On October 25, 2007, I issued a tentative order denying plaintiffs' motion to remand. On October 26, 2007, defendant declined assignment to a Magistrate Judge. The following day, plaintiffs and defendant accepted my tentative ruling, waived oral argument and agreed to vacate the hearing date set for the motion. On October 30, 2007, the case was reassigned to the Honorable Maxine M. Chesney. Accordingly, I make the following report and recommendation as to plaintiffs' motion.

    Plaintiffs filed their complaint in state court, claiming that defendant breached one or more warranties in violation of

1

the California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et. seq.*), the Magnuson-Moss Federal Trade Commission Act (15 U.S.C. §§ 2300 *et. seq.*), and the California Uniform Commercial Code (Cal. Civ. Code §§ 1100 *et. seq.*). Defendant removed the action to this Court, premising subject matter jurisdiction on the Magnuson-Moss claim. Plaintiffs' have moved to remand this action back to state court for lack of subject matter jurisdiction.

Plaintiffs argue that the amount in controversy requirement of the Magnuson-Moss Act is not met. The Magnuson-Moss Act provides that, "[i]f the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit," then the district court shall not have subject matter jurisdiction. 15 U.S.C.S. § 2310(d)(3)(B). In drafting the Act, Congress provided a substantive right of action to consumers but did not specify the appropriate measure and type of damages available. See Romo v. FFG Insurance Co., 397 F.Supp.2d 1237,1239 (C.D. Cal. 2005). Courts have "turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." Id.; see also Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1039 (9th Cir. 2004) (punitive damages not available under Magnuson-Moss Act if not available under state law). In California, the applicable state law is The Song-Beverly Act. It permits plaintiffs to recover as a civil penalty two times

their actual damages for breach of an express warranty, which they have alleged.  See Romo, 397 F.Supp.2d at 1239-1240; *citing* Cal. Civ. Code § 1794(c).

California courts have found Song-Beverly civil penalties akin to punitive damages because both are intended to punish defendants rather than compensate plaintiffs.[1]  See Romo, 397 F.Supp.2d at 1240.  Punitive damages may be included in calculating the amount in controversy in a civil action.  See Gibson v. Chysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  Accordingly, Song-Beverly's civil penalties therefore may satisfy the Magnuson-Moss amount in controversy requirement.  See Romo, 397 F.Supp.2d at 1240; see also Brady v. Mercedes Benz USA Inc., 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002).

In their complaint, plaintiffs allege their actual damages total at least the full purchase price of the vehicle, or $34,438.00.  (Complaint at ¶ 7, 20(a)).[2]  The Song-Beverly penalty of twice the actual damages therefore pushes the amount in controversy to well over the $50,000 jurisdictional requirement of the Magnuson-Moss Act.  As such, the court has subject matter jurisdiction over this
///

---

[1] Critney v. Nat'l City Ford, Inc., 255 F.Supp.2d 1146, 1148 (S.D. Cal. 2003) does not help plaintiffs since it does not address whether penalties available under The Song-Beverly Act can be recovered under the Magnuson-Moss Act.

[2] Plaintiffs pray for "the 'full purchase price' of the vehicle, collateral charges, finance charges, incidental and consequential damages."  (Complaint ¶ 20(a)).

suit and I recommend that plaintiffs' motion to remand is **DENIED**.

Dated: November 1, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Neville\r&r to deny p's motion to remand.wpd

4