JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
www.kahnandassociates.com

Attorneys for Plaintiffs, William and Barbara Neville

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN RECREATIONAL VEHICLES INC. AND DOES 1 THROUGH 20 INCLUSIVE <br><br> Defendants. | CASE NO. 07- 03757 MMC <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Judge Maxine M. Chesney |

TO THE CLERK OF THE ABOVE-ENTITLED COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiffs William Neville and Barbara Neville and Defendant Western Recreational Vehicles, Inc., a Delaware corporation, submit this Joint Case Management Statement and Proposed Order for the Case Management Conference set for November 30, 2007 at 10:30 a.m. in Courtroom 7 of the United States District Court, Northern District of California.

///

///

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER         1

1. **Jurisdiction and Service**

This court's has subject matter jurisdiction over the action because the claim and the amount in controversy exceeds the $50,000.00 requirement. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

2. **Facts**

On or about June 5, 2005 Plaintiffs purchased a new 2006 Western Alpine Light Tas 28RL recreational vehicle that bore the vehicle identification number 1W52ATN236Y050519 ("vehicle"). The vehicle's purchase price was approximately $34,438.00 and was accompanied by the manufacturer's one year express warranty on the vehicle.

Plaintiffs contend the express warranty on the vehicle was breached and failed of its essential purpose when defects in the vehicle were not repaired within a reasonable amount of time or within a reasonable number of attempts.

Defendant Western Recreational Vehicles, Inc., a Delaware Corporation, contends it is a successor entity that purchased the assets, but not the liabilities, of the company that manufactured and warranted the vehicle. It therefore contends it is not liable for breach of warranty, or any other claim. To the extent that it is, Defendant contends that there are no present defects that substantially impair the use, value, or safety of the vehicle that have been subject to an unreasonable number of repair attempts.

3. **Legal Issues**

Plaintiff has plead three causes of action in the complaint, claiming the Defendant has breached one or more warranties in violation of the California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et. seq.*), the Magnuson-Moss Federal Trade Commission Act (15

U.S.C. §§ 2300 et. seq.), and the California Uniform Commercial Code (Cal. Civ. Code §§ 1100 et. seq.).

The Song-Beverly Consumer Warranty Act ("Song-Beverly") requires the Plaintiff to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." *Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.

The Magnuson-Moss Act authorizes a suit by a consumer to enforce the terms of an implied or express warranty. Magnuson-Moss "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Daugherty v. American Honda Motor Co. Inc.* (2006) 144 Cal.App.4th 824, 832-833. Therefore, the same elements as set forth in Song-Beverly are those that are required elements for this cause of action.

The Uniform Commercial Code governs the purchase and sale of the vehicle at issue in this matter. Plaintiff contends the defects and nonconformities exhibited by the vehicle constitute breach of express warranty, implied warranty of merchantability and implied warranty of fitness for a particular use. Cal. Civ. Code §§ 1100 et. seq.

4. **Motions**

A prior motion to remand back to state court was filed by the Plaintiff and was opposed by the Defendant. The Court issued a tentative ruling in favor of the Defendant and the parties accepted said ruling. There are no other current motions.

Future motions may include discovery motions, a motion for summary judgment by Defendant, and motions in limine by both parties.

5. **Amendment of Pleadings**

A possible motion to amend or to add a party by the Plaintiff may be forthcoming as it has been brought to Plaintiffs' attention that a second defendant may need to be added.

6. **Evidence Preservation**

There are no current concerns or planned motions by either party regarding preservation of evidence.

7. **Disclosures**

The parties have agreed upon and set forth below a timeline for Fed. R. Civ. P. 26 disclosures.

8. **Discovery**

No discovery by either party has occurred to date. There are no proposed limitations or modifications of the discovery rules by either party. Both parties anticipate written discovery, expert inspections of the vehicle and depositions. The proposed discovery plan is as follows:

Expert Designations      May 2008

Discovery Cut-Off        June 2008

9. **Class Actions**

No class actions are proposed.

10. **Related Cases**

No related cases are pending or foreseen.

### 11. Relief

Plaintiff seeks reimbursement of the full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages; two times the amount of actual damages pursuant to Civ. Code section 1794; costs including expert witness fees and reasonable attorney's fees; and such relief as this court deems just and proper. Damages may exceed $70,000.00.

### 12. Settlement and ADR

The parties have both in good faith entered into settlement discussions. The parties have agreed to mediation and have filed the necessary ADR Stipulation and Order with the court.

### 13. Consent to Magistrate Judge for All Purposes

This matter was reassigned to Honorable Maxine M. Chesney on October 30, 2007.

### 14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

There are no issues to be narrowed by agreement or motion nor are there any requests to bifurcate any issues, claims or defenses.

### 16. Expedited Schedule

This case does not require an expedited schedule.

### 17. Scheduling

The proposed scheduling plan is as follows:

| | |
|---|---|
| Expert Designations | May 2008 |
| Discovery Cut-Off | June 2008 |
| Pre-Trial Motions | August 2008 |

| | |
|---|---|
| Pre-Trial Conference | September 2008 |
| Trial | October 2008 |

18. **Trial**

The parties agree the case will be tried to a jury and agree the expected length of trial will be five (5) days.

19. **Disclosure of Non-Party Interested Entities or Persons**

The company that manufactured and warranted the vehicle is Western Recreational Vehicles, Inc., a Washington corporation, now operating under the name of Wilderness Western Holdings, Inc.

Dated: November 21, 2007

JANNINE M. GREEN
Attorneys for Plaintiff William Neville
and Barbara Neville

Dated: November 21, 2007

VINCENT J. AXELSON
Attorney for Defendant Western
Recreational Vehicles, Inc., a Delaware
Corporation

1 | JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
2 | 16133 Ventura Blvd., Suite 700
Encino, CA 91436
3 | Phone: (888) 536-6671
Fax: (888) 868-6671
4 | www.kahnandassociates.com

Attorneys for Plaintiffs, William and Barbara Neville

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE, | CASE NO. 07- 03757 MMC |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | |
| WESTERN RECREATIONAL VEHICLES INC. AND DOES 1 THROUGH 20 INCLUSIVE | Judge Maxine M. Chesney |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** after consideration of the he parties' Joint Case Management Conference Statement filed on November 21, 2007, and submitted herewith.

IT IS HEREBY ORDERED that the scheduling dates in the above-entitled action are entered.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Maxine M. Chesney

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER                               7

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within-entitled action: my business address is: 16133 Ventura Boulevard, 7th Floor, Encino, California 91436.

On **November 21, 2007**, I served the foregoing document described as:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**

___ BY FACSIMILE TO:

_X_ BY MAIL

___ I deposited such envelope in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

_X_ I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

___ BY PERSONAL SERVICE

I delivered such envelope by hand to the offices of the addressee.

_X_ STATE

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2007 at Encino, California.

_____
ROY S. LOPEZ

NEVILLE V. WESTERN RECREATIONAL VEHICLES, INC.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION - CASE NO. 07-03757-MMC

## SERVICE LIST

| | |
|---|---|
| Vincent J. Axelson, Esq.<br>GATES, O'DOHERTY, GONTER & GUY, LLP<br>153737 Innovation Drive, Suite #170<br>San Diego, CA 92128-3429<br>(858) 676-8600, Fax (858) 676-8601 | Attorneys for Defendant<br>WESTERN RECREATIONAL VEHICLES, INC. |
| **COUNSEL/PARTY SERVING THIS DOCUMENT:**<br>Jannine M. Green, Esq.<br>Kahn & Associates, L.L.C.<br>16133 Ventura Blvd., Suite 700<br>Encino, CA 91436<br>(888) 536-6671, Fax (818) 995-9169 | Attorneys for Plaintiffs<br>WILLIAM and BARBARA NEVILLE |

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER         9