JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.

OHIO MAIN OFFICE:**
55 Public Square, Suite 650
Cleveland, OH 44113
Phone: (216) 621-6101
Fax: (888) 868-6671

CALIFORNIA OFFICE:**
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
www.kahnandassociates.com

**Please send copies of all items to both addresses.

Attorney for Plaintiffs, WILLIAM NEVILLE and BARBARA NEVILLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE,<br>    Plaintiffs,<br><br>v.<br><br>WESTERN RECREATIONAL VEHICLES, INC.; WILDERNESS WESTERN HOLDINGS, INC. and DOES 1 through 20, inclusive,<br>    Defendants. | CASE NO.   07-03757 MMC<br><br>Judge: Maxine M. Chesney<br><br>FIRST AMENDED COMPLAINT FOR BREACHES OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, MAGNUSON-MOSS WARRANTY ACT, AND CALIFORNIA UNIFORM COMMERCIAL CODE. |

Now comes Plaintiffs, William Neville and Barbara Neville, by and through undersigned counsel and states as follows:

FIRST AMENDED COMPLAINT                                                             Page 1

## A. **GENERAL AVERMENTS**

1. Plaintiffs, William Neville and Barbara Neville (hereinafter collectively referred to as "Plaintiff"), are adult individual citizens and legal residents of the State of California, residing at 12105 Waxwing Ct., Penn Valley, CA 95946.

2. Defendant, Western Recreational Vehicles, Inc., a Delaware Corporation, is a business corporation qualified to do and regularly conducting business in the State of California, with its principal place of business located in Washington and can be served at its principal place of business located at 3921 Southerland Drive, Union Gap, Washington 98903.

3. Defendant, Wilderness Western Holdings, Inc. is a business corporation qualified to do and regularly conducting business in the State of California, with its principal place of business located in Washington and can be served at its registered agent Ronald A. Doyle, located at 208 So. 78th Avenue, Yakima, Washington 98908.

4. The true names or capacities, whether individual or otherwise, of defendants Does 1 through 20 are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes that all defendants sued herein as Does are in some manner responsible for the acts and occurrences alleged herein and caused damage to plaintiff as pleaded herein.

5. Plaintiff is informed and believes that each and all of the acts and omissions alleged herein was performed by and attributable to all defendants and Does 1 through 20, and each of them, each acting as the agent, employee, partner, joint venturer and associates and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment,

and/or direction and, in doing the things herein mentioned, the agents and employees of defendants were acting under color of that agency or employment with the knowledge, consent, permission, or authorization of each of the other defendants and each act committed under the direction or control of each of the other defendants was either expressly or implied ratified by each of the other Defendants.

6. On or about June 5, 2005, Plaintiff purchased a 2006 RV Western Alpine Light Tas 28RL, manufactured and warranted by Defendant, bearing the Vehicle Identification Number 1W52ATN236Y050519 (hereinafter the "vehicle").

7. The vehicle was purchased in the State of California and is registered in California.

8. The price of the vehicle and/or the total of payments is approximately $34,438.00.

9. Plaintiff states that as a result of the ineffective repair attempts made by Defendant(s), through its authorized dealer(s), the vehicle cannot be utilized for the purposes intended by Plaintiff at the time of acquisition and hence, the vehicle is worthless and/or substantially impaired.

10. In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff one or more written warranties on particular items.

11. Plaintiff notified the Defendant and/or its Authorized Dealer(s) on one or more occasions, and/or formally notified the Defendant by letter of Defendant's failure to timely repair the vehicle and requested the return of all funds paid toward the vehicle.

///
///
///
///
///

**FIRST AMENDED COMPLAINT**

## B. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF SONG-BEVERLY CONSUMER WARRANTY ACT

12. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

13. Civil Code §1793.2, is embodied in the Song-Beverly Consumer Warranty Act, Civil Code §§1790 et seq.

14. Plaintiff is a "Buyer" as defined by Civ. Code § 1791(b).

15. Defendant is a "Manufacturer" as defined by Civ. Code § 1791(j).

16. The vehicle is a "New Motor Vehicle" as defined by Civ. Code § 1793.22(e)(2) and/or is a "consumer good" as defined by Civ. Code §1791(a).

17. Defendant provided an "Express Warranty" and/or a "Service Contract" as defined by Civ. Code § 1791(o) and 1791.2.

18. Plaintiff purchased the vehicle from, and/or had it serviced at Defendant's authorized "service and repair facility[(ies)]," as that term is defined in Civ. Code §§ 1791 *et. seq.*

19. Plaintiff reported one or more defects, conditions and/or "nonconformities," as defined Civ. Code §§ 1791 *et. seq.* to the manufacturer, through its service facilities,

20. Defendant, through its authorized service and repair facility[(ies)], has been unable, unwilling and/or has refused to conform the motor vehicle to the express warranty by repairing one or more nonconformities within a reasonable number of attempts pursuant to Civ. Code §1791(d)(1) and/or Civ. Code § 1793.2(d)(2).

21. Defendant's actions have been willful.

///

///

WHEREFORE, Plaintiff respectfully requests the following relief:

a. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages;

b. Two times the amount of actual damages pursuant to Civ. Code §1794;

b. Costs, including expert witness fees and reasonable attorney's fees; and

c. For such other relief as this court deems just and proper.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

22. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

23. The Magnuson-Moss Warranty – Federal Trade Commission Improvement Act is codified at 15 U.S.C. §§ 2300 *et. seq.* and is commonly known as, and will hereinafter be referred to as, the "Magnuson-Moss Warranty Act."

24. Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

25. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §2301(4)-(5).

26. The vehicle is a "Consumer Product" as defined by 15 U.S.C. §2301(1).

27. One or more of the warranties given to Plaintiff by Defendant was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or a "Service Contract" as defined by 15 U.S.C. § 2301(8).

28. Defendant, through its authorized dealer(s), has been unable, unwilling and/or has refused to conform the motor vehicle to the written warranty and/or service contract by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

29. Defendant has been afforded a reasonable opportunity to cure the vehicle's nonconformities pursuant to 15 U.S.C. §2310 (e).

30. 15 U.S.C. §2310 (d) (1) provides:

"...Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief...."

31. As direct and proximate result of Defendant's failure to comply with Defendant's express written and implied warranties and/or service contract, Plaintiff has and continues to suffer to suffer damages.

32. If Defendant maintains a qualified Informal Dispute Resolution Mechanism, Plaintiff has resorted to it at least forty (40) days prior to filing this Complaint and/or has pursued that process to its completion, as required by 15 U.S.C. § 2310(a) and rules promulgated thereunder.

33. Defendant's actions have been willful.

34. Pursuant to 15 U.S.C. §2310 (d)(2), plaintiff seeks all Costs, including attorney's fees and expert witness fees.

WHEREFORE, Plaintiff respectfully requests the following relief:

 a. The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

 b. Two times the amount of actual damages pursuant to Civ. Code §1794.

 c. Costs, including expert witness fees and reasonable attorney's fees; and

 d. For such other relief as this court deems just and proper.

### THIRD CAUSE OF ACTION
### BREACH OF CALIFORNIA UNIFORM COMMERCIAL CODE

35. Plaintiff realleges and incorporates the above statements and allegations by reference as if set forth fully herein.

36. The Uniform Commercial Code is codified at Civ. Code §§ 1100 et. seq. and also

governs the purchase and sale of the vehicle at issue in this case.

37. The defects and nonconformities exhibited by the vehicle constitute Defendant's breach of contractual and statutory obligations to Plaintiff, including, but not limited to, the following:

   a. Express Warranty;
   b. Implied Warranty of Merchantability; and
   c. Implied Warranty of Fitness for a Particular Purpose.

38. At the time of acquisition of the vehicle by Plaintiff and at all times subsequent thereto, Plaintiff has justifiably relied on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

39. At the time of acquisition of the vehicle by Plaintiff and at all times subsequent thereto, Defendant was aware that Plaintiff was relying on Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

40. Plaintiff has incurred damages as a direct and proximate result of the Defendant's breach and failure to honor its express and implied warranties, obligations and representations with regard to the vehicle.

41. Plaintiff has incurred damage as a direct and proximate result of the failure of essential purpose of Defendant's express and implied warranties, obligations and representations with regard to the vehicle.

42. Defendant's actions have been willful.

WHEREFORE, Plaintiff respectfully requests the following relief:

   a. The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;
   b. Two times the amount of actual damages pursuant to Civ. Code §1794;
   c. Costs, including expert witness fees and reasonable attorney's fees; and

d.  For such other relief as this court deems just and proper.

### C. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a.  The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

b.  Two times the amount of actual damages pursuant to Civ. Code §1794;

c.  Costs, including expert witness fees and reasonable attorney's fees; and

d.  For such other relief as this court deems just and proper.

KAHN & ASSOCIATES, L.L.C.

*/s/ Jannine M. Green*
Jannine M. Green (SBN 244072)
Attorneys for Plaintiff

Dated: March 31, 2008