GATES, O'DOHERTY, GONTER & GUY, LLP
15373 Innovation Drive, Suite 170
San Diego, California 92128
Telephone: (858) 676-8600
Facsimile: (858) 676-8601

Attorney:     DOUGLAS D. GUY, ESQ. (SBN 117844)
              dguy@gogglaw.com

              VINCENT J. AXELSON, ESQ. (SBN 159549)
              vaxelson@gogglaw.com

              NADINE M. SAYEGH, ESQ. (SBN 250651)
              nsayegh@gogglaw.com


Attorney for Defendant WESTERN RECREATIONAL VEHICLES, INC.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE<br><br>              Plaintiff(s),<br><br>v.<br><br>WESTERN RECREATIONAL VEHICLES INC. and DOES 1 through 20 inclusive,<br><br>              Defendant(s). | CASE NO. 07-CV-03757-MMC<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT AND CROSS-DEFENDANT WESTERN RECREATIONAL VEHICLES, INC. dba WESTERN RECREATIONAL VEHICLES DELAWARE, INC.**<br><br>Date:        July 11, 2008<br>Time:        9:00 a.m.<br><br>Assigned to: Hon. Maxine M. Chesney<br><br>Action Filed: May 25, 2007 |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on July 11, 2008 at 9:00 a.m., or soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney at the above-referenced court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Law Firm of Gates, O'Doherty, Gonter and Guy, LLP (and the lawyers at the firm designated as counsel of record, Douglas D. Guy, Vincent J. Axelson and Nadine M. Sayegh) (hereinafter collectively referred to as "GOGG") will hereby move this court for an order permitting GOGG to withdraw as counsel of record for Western Recreational Vehicles, Inc. dba Western Recreational Vehicles Delaware, Inc. ("WRV").

WRV has agreed to permit GOGG to withdraw as its' counsel of record in this case. WRV's representatives have advised GOGG that they will not oppose GOGG's withdrawal as its counsel of record. The reason for GOGG's withdrawal is that there exists differences between GOGG and WRV that make it impossible for GOGG to continue to represent WRV. GOGG cannot describe the reasons for this motion without divulging attorney-client privileged information. But, to the extent the Court seeks further information about this request, GOGG requests an in camera hearing, with the record sealed, in order to disclose the necessity of GOGG's withdrawal

## NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. As a corporation, you may not represent yourself. YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment against you.

PLEASE FURTHER NOTE that the following dates have been scheduled in this matter:

Status Conference: June 27, 2008; joint status conference statement to be filed no later than June 20, 2008.

Mediation Cut Off:  July 15, 2008

Non-Expert Discovery Cutoff:  July 23, 2008

Expert Disclosure Cut-off:  August 13, 2008

Expert Discovery Cut-Off:  September 18, 2008

Dispositive Motion Cut-Off:  October 1, 2008

No Trial date or Pre-Trial Conference is currently on calendar

PLEASE NOTE that if this motion is granted you will need to hire an attorney to represent you to comply with these various deadlines.  Failure to do so may result in the Court entering a default against you.

If this motion to be relieved as counsel is granted the court needs to know how to contact you.  If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in you losing the case.

This motion is based upon Local Rule 11-5 and otherwise, this notice, the accompanying memorandum of points and authorities, the declaration of Vincent J. Axelson and all of the pleadings and papers on file herein.


Dated:  June 3, 2008                    GATES, O'DOHERTY, GONTER & GUY, LLP


                                   By:    _____s/Vincent J. Axelson_____
                                   VINCENT J. AXELSON, ESQ.
                                   **Attorneys for Defendant**
                                   **WESTERN RECREATIONAL VEHICLES,**
                                   **INC. dba WESTERN RECREATIONAL**
                                   **VEHICLES DELAWARE, INC.**

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

GOGG respectfully requests that the Court allow them to withdraw as counsel for WRV.   There exist differences between WRV and GOGG that make it impossible for GOGG to continue to represent WRV.  WRV will not be prejudiced if the Court allows GOGG to be relieved as counsel and GOGG's withdrawal will cause no delay in these proceedings.  GOGG has notified WRV that it intends to withdraw (and served WRV with this Motion), and GOGG has been informed WRV does not intend to oppose this Motion.  (See Axelson Declaration, paragraph 6)

WRV answered the Complaint on July 19, 2007.   The Court recently vacated the trial date and the Pre-Trial Conference date pending the appearance of a new defendant, Wilderness Western Holdings, Inc.  A Status Conference has been set for June 27, 2008. Written discovery has been exchanged.  However, there is no discovery pending.   Thus, although this case has been pending for some time, it is for the most part in its early stages.  WRV will have sufficient time to retain new counsel to defend it in this action if it so chooses.  GOGG's motion should therefore be granted.

## II.

## FACTS

This is a "lemon law" case involving the purchase of a recreational vehicle. Plaintiff contends that Defendants breached their express and implied warranties with regards to the subject vehicle.  The action was filed on May 25, 2007.  WRV timely filed its' Answer on July 19, 2007.  On May 13, the Court issued an Order vacating the trial date and the Pre-Trial Conference, granted a continuance of all dates, and set a status conference for June 28, 2008.  A copy of this Order is attached to this Motion and has been served on WRV.  (See Axelson Declaration, paragraph 4)  To date, written discovery has taken place, but none is pending.

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD

GOGG has encountered differences with WRV that make it impossible for GOGG to continue its' representation of WRV. WRV has agreed to permit GOGG to withdraw as counsel of record and has informed GOGG it will not oppose this Motion (Axelson Declaration, paragraph 6).

### III.

### ARGUMENT

Pursuant to Local Rule 11-5, and the related California Code of Civil Procedure § 284 and California Rules of Court Rule 3.1362, and Rule 3-700 of the California Rules of Professional Conduct this Court has discretion to relieve GOGG from its duties and responsibilities as attorneys of record in this action.

The conduct of counsel, including withdrawal of counsel, is governed by the Standards of Professional Conduct required of members of the State Bar of California. See *Elan Transdermal Limited v. Cygnus Therapeutic Systems*, 809 F.Supp. 1383, 1387 (N.D.Cal. 1992). Pursuant to the California Rules of Professional Conduct 3-700, an attorney may request permission to withdraw when there is a lack of cooperation between attorney and client. Moreover, an attorney may request for permission to withdraw if a client breaches an agreement or obligation to the attorney with respect to payment of expenses or fees. California Rules of Professional Conduct Rule 3-700(C)(1)(f). See also People v. Cohen, 59 Cal.App.3rd 241, 248-249, 130 Cal.Rptr. 656 (1976) and People v. Prince, 268 Cal.App.2nd 398, 406-407, 74 Cal.Rptr. 197 (1968). Moreover, California Rules of Professional Conduct Rule 3-700(C)(5) permits an attorney to withdraw when "the client knowingly and freely assents to termination of the employment."

As mentioned above, it is no longer possible for GOGG to continue representing WRV. WRV has advised GOGG that it agrees to the withdrawal and does not oppose GOGG's motion to withdraw as counsel. Furthermore, WRV will have sufficient time to retain new counsel for its defense if it so chooses and no delay in these proceedings will occur if this motion is granted.

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD

1

## IV.

## CONCLUSION

Based upon the foregoing, GOGG respectfully requests that the Court grant this motion and permit them to withdraw as attorneys of record for WRV.

Dated: June 3, 2008                    GATES, O'DOHERTY, GONTER & GUY, LLP

By:         s/Vincent J. Axelson
            VINCENT J. AXELSON, ESQ.
            **Attorneys for Defendant**
            **WESTERN RECREATIONAL VEHICLES,**
            **INC. dba WESTERN RECREATIONAL**
            **VEHICLES DELAWARE, INC.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

## **DECLARATION OF VINCENT J. AXELSON**

I, Vincent J. Axelson, declare and state as follows:

1.      I am an attorney licensed to practice in California and I am an associate at the firm Gates, O'Doherty, Gonter and Guy, LLP (hereinafter "GOGG"), attorneys of record for Defendant Western Recreational Vehicles, Inc. dba Western Recreational Vehicles Delaware, Inc. in this case (hereinafter, "WRV").  If called as a witness, I could and would competently testify to the following matters which are personally known to me.

2.      GOGG was retained by WRV to represent it in this matter pending before this Court.

3.      Plaintiffs filed this action on May 25, 2007.  WRV's Answer was filed July 19, 2007.

4.      On May 13, 2008 the Court issued an Order vacating the trial date and the Pre-Trial Conference, granted a continuance of all dates, and set a status conference for June 28, 2008.  The Order is attached hereto as Exhibit "A."  I have served a copy of this Order on WRV.  Written discovery has been exchanged, but no discovery is pending.

5.      GOGG can no longer continue to represent WRV.  GOGG cannot set forth the reasons for this motion herein without divulging attorney-client privileged information.  But, if the Court requests further information, GOGG would be amenable to an in-camera hearing, with the record sealed.

6.      The officers of WRV have advised me that WRV consents to this withdrawal and WRV does not and will not oppose GOGG's motion to withdraw as counsel of record.

7.      It is my understanding that all future correspondence regarding this matter should be forwarded to WRV at the following address:

Western Recreational Vehicles, Inc.
3401 West Washington Avenue
Yakima, Washinton 98903
info@**wrv**.com
(Fax) 347-710-2172

7

8.    This motion has been served upon WRV at the above address via overnight mail.  I have corresponded with WRV at this address since beginning representation and was told that the address is correct.  I also faxed served the motion on one of the officers of the company.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on June 3, 2008, San Diego, California.

                     s/Vincent J. Axelson
                     VINCENT J. AXELSON, ESQ.

NOTICE AND MOTION TO WITHDRAW AS ATTORNEY OF RECORD