JANNINE M. GREEN, ESQ. (SBN 244072)
KAHN & ASSOCIATES, L.L.C.
16133 Ventura Blvd., Suite 700
Encino, CA 91436
Phone: (888) 536-6671
Fax: (888) 868-6671
www.kahnandassociates.com

Attorneys for Plaintiffs, William and Barbara Neville

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WILLIAM NEVILLE and BARBARA NEVILLE, | CASE NO. 07- 03757 MMC |
| Plaintiffs, | **JOINT STATUS STATEMENT** |
| v. | |
| WESTERN RECREATIONAL VEHICLES INC. AND DOES 1 THROUGH 20 INCLUSIVE | Judge Maxine M. Chesney |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs William Neville and Barbara Neville and Defendant Western Recreational Vehicles, Inc. submit this Joint Status Statement for the Status Conference set for June 27, 2008 at 10:30 a.m. in Courtroom 7 of the United States District Court, Northern District of California.

///

///

1

1. **Jurisdiction and Service**

This court's has subject matter jurisdiction over the action because the claim and the amount in controversy exceeds the $50,000.00 requirement. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

2. **Facts**

On or about June 5, 2005 Plaintiffs purchased a new 2006 Western Alpine Light Tas 28RL recreational vehicle that was manufactured by Defendant and that bore the vehicle identification number 1W52ATN236Y050519 ("vehicle"). The vehicle's purchase price was approximately $34,438.00. The Defendant issued a one year express warranty on the vehicle.

Plaintiff contends the express warranty on the vehicle was breached and failed its essential purpose when Defendant failed to repair defects in the vehicle within a reasonable amount of time or within a reasonable number of attempts. Repairs were made on 9/15/05, 10/3/05, 10/24/05, 5/24/06, and 8/30/06 for a total of 89 days out of service. Asserted defects include lack of clearance on trailer, water tanks improperly drain, electrical defects, improper gas connection, doors and ceiling panels have improper fit, inoperable locks, wood flooring warping, loose trim components, power jacks are inoperable and water leaks.

Defendant contends no breach of warranty has occurred.

3. **Legal Issues**

Plaintiff has plead three causes of action in the complaint, claiming the Defendant has breached one or more warranties in violation of the California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et. seq.*), the Magnuson-Moss Federal Trade Commission Act (15 U.S.C. §§ 2300 *et. seq.*), and the California Uniform Commercial Code (Cal. Civ. Code §§ 1100 *et. seq.*).

The Song-Beverly Consumer Warranty Act ("Song-Beverly") requires the Plaintiff to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element)." *Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.

The Magnuson-Moss Act authorizes a suit by a consumer to enforce the terms of an implied or express warranty. Magnuson-Moss "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Daugherty v. American Honda Motor Co. Inc.* (2006) 144 Cal.App.4th 824, 832-833. Therefore, the same elements as set forth in Song-Beverly are those that are required elements for this cause of action.

The Uniform Commercial Code governs the purchase and sale of the vehicle at issue in this matter. Plaintiff contends the defects and nonconformities exhibited by the vehicle constitute Defendant's breach of contractual and statutory obligations to Plaintiff including express warranty, implied warranty of merchantability and implied warranty of fitness for a particular use. Cal. Civ. Code §§ 1100 *et. seq.*

**4.** **Motions**

Gates, O'Doherty, Gonter & Guy has filed a motion to Withdraw as Attorneys of Record for Defendant Western Recreational Vehicles, Inc.. The hearing is on calendar for July 11, 2008 at 9:00 a.m. The Plaintiff will not oppose this motion.

///

///

5. **Amendment of Pleadings**

The Plaintiffs filed a First Amended Complaint on March 31, 2008 adding Defendant, Wilderness Western Holdings, Inc.. Defendant Wilderness Western Holdings, Inc. was served with the First Amended Complaint and Summons via Certified Mail return receipt on April 7, 2008. As of June 18, 2008, the Plaintiff has not received an Answer from the defendant, Wilderness Western Holdings, Inc. Plaintiff served a copy of the Order Granting an Extension of Time, issued by the Court on May 20, 2008, on Defendant Wilderness Western Holdings, Inc. As of June 18, 2008, Defendant has not appeared in the action.

6. **Evidence Preservation**

There are no current concerns or planned motions by either party regarding preservation of evidence.

7. **Disclosures**

The Court has set forth deadlines for disclosures.

8. **Discovery**

The Court has set forth deadlines for discovery.

9. **Class Actions**

No class actions are proposed.

10. **Related Cases**

No related cases are pending or foreseen.

11. **Relief**

Plaintiff seeks reimbursement of the full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages; two times the amount of actual damages

pursuant to Civ. Code section 1794; costs including expert witness fees and reasonable attorney's fees; and such relief as this court deems just and proper. Damages may exceed $70,000.00.

Plaintiff anticipates seeking a default judgment against Defendant, Wilderness Western Holdings, Inc. as the party has failed to file a responsive pleading to the First Amended Complaint.

**12.   Settlement and ADR**

Plaintiffs and Defendant, Western Recreational Vehicles, Inc. have exhausted settlement negotiations.

**13.   Consent to Magistrate Judge for All Purposes**

This matter was reassigned to Honorable Maxine M. Chesney on October 30, 2007.

**14.   Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

There are no issues to be narrowed by agreement or motion nor are there any requests to bifurcate any issues, claims or defenses.

**16.   Expedited Schedule**

This case does not require an expedited schedule.

**17.   Scheduling**

The Court has set forth deadlines for discovery.

///

///

///

18. **Trial**

The Court vacated the Pre-Trial Conference and Trial date pending the June 27, 2008 status conference given Defendant Wilderness Western Holdings, Inc.'s had not yet appeared.

19. **Disclosure of Non-Party Interested Entities or Persons**

No disclosures at this time.

Dated: June 20, 2008

_____
JANNINE M. GREEN
Attorneys for Plaintiff William Neville
and Barbara Neville

Dated: June 20, 2008

_____
VINCENT J. AXELSON
Attorneys for Defendant Western
Recreational Vehicles, Inc.

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        )
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within-entitled action: my business address is: 16133 Ventura Boulevard, 7th Floor, Encino, California 91436.

On **June 20, 2008**, I served the foregoing document described as:

**JOINT STATUS STATEMENT**

____  **BY FACSIMILE TO:**

_X_  **BY MAIL**

____  I deposited such envelope in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

_X_  I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

____  **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

_X_  **STATE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 20, 2008** at Encino, California.

*/s/ Jannine M. Green*
JANNINE M. GREEN

7

NEVILLE V. WESTERN RECREATIONAL VEHICLES, INC.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION - CASE NO. 07-03757-MMC

## SERVICE LIST

| | |
|---|---|
| Vincent J. Axelson, Esq.<br>GATES, O'DOHERTY, GONTER & GUY, LLP<br>153737 Innovation Drive, Suite #170<br>San Diego, CA 92128-3429<br>(858) 676-8600, Fax (858) 676-8601 | Attorneys for Defendant<br>WESTERN RECREATIONAL<br>VEHICLES, INC. |
| Mr. Ronald Doyle<br>208 South 78th Ave.<br>Yakima, WA 98908 | Authorized Agent for Service<br>WILDERNESS WESTERN<br>HOLDINGS, INC. |
| **COUNSEL/PARTY SERVING THIS DOCUMENT:**<br>Jannine M. Green, Esq.<br>Kahn & Associates, L.L.C.<br>16133 Ventura Blvd., Suite 700<br>Encino, CA 91436<br>(888) 536-6671, Fax (818) 995-9169 | Attorneys for Plaintiffs<br>WILLIAM and BARBARA<br>NEVILLE |